# PROVIDENCE COUNTY.

## TOWN OF NORTH PROVIDENCE vs. DYERVILLE MANUFACTURING COMPANY.

The Powder Mill turnpike, built in A.·D. 1810 or 1811, crossed a mill trench in the town of North Providence, by means of a bridge which was constructed and repaired by the owners of the mill. In A. D. 1873, pursuant to resolution No. 28 of the General Assembly adopted at its January session, A. D. 1873, the turnpike became a public highway. The bridge subsequently needing repair, and the mill-owners, after notification from the town, neglecting to repair, the town repaired the bridge and brought *assumpsit* against the mill-owners to recover its outlay.

*Held*, that the action could not be maintained either by virtue of resolution No. 28 of the January session, A. D. 1873, or of Gen. Stat. R. I. cap. 60, § 22.

*Held*, further, that a turnpike road is not a highway within the meaning of Gen. Stat. R. I. cap. 60, § 22.

*Held*, further, that even if the turnpike corporation had the right to compel the mill-owners to repair the bridge, the town did not succeed to such right under resolution No. 28 of January session, A. D. 1873.

PLAINTIFF'S petition for a new trial.

This case was *assumpsit* brought by the town of North Providence against the defendant corporation, to recover the cost of repairs made on a bridge over which a highway in the plaintiff town crossed a trench of the defendant.

In February, A. D. 1810, the Powder Mill Turnpike Corporation was created. The turnpike road was laid out and built soon afterwards. In some places it was laid out on the road-bed of an old public highway, and at the bridge in question it was, as was claimed by the plaintiff, coincident with the old highway. This bridge, which carried the turnpike across the trench, was built and kept in repair by the owners of the water privilege, the defendant's predecessors in title.

In 1873 the General Assembly passed the following resolution, No. 28 of the January session, A. D. 1873: —

"*Resolved*, That the sum of one thousand dollars be hereby appropriated for the purpose of making the Powder Mill Turnpike road, so called, leading from Providence, through the towns of North Providence, Johnston, and Smithfield, to Greenville in

Smithfield, a free public highway, on the conditions following, namely, that the said Powder Mill Turnpike Company shall through their treasurer, and by vote of the company, on or before the first day of April next, file with the general treasurer of the state a release to the state of their corporate rights and franchises under their charter, and in and to their said road ; and also release to the different towns through which said turnpike runs all gravel pits and rights to get gravel which said turnpike may 'own or have rights in for the purpose of maintaining said turnpike ; and upon the further condition that the said towns of North Providence, Johnston, and Smithfield shall also, on or before the twelfth day of May, A. D. 1873, file a certified copy of a vote of their respective town councils accepting and agreeing to maintain as a free public highway so much of said road as may be within their respective town limits. Upon compliance with these conditions, the state auditor is hereby directed to draw his order on the general treasurer for the sum of one thousand dollars in favor of and payable to the said turnpike company, to be paid out of any moneys in the treasury not otherwise appropriated."

All the conditions of this resolution were fulfilled and the turnpike became a free public highway. Afterwards the bridge needed repair, and the town authorities notified the defendant to do the work. On its refusal or neglect, the town made the needed repairs and brought this action to recover its outlay. At a trial before a jury at the October Term, A. D. 1878, the presiding judge directed a verdict for the defendant, and the plaintiff filed this petition.

Gen. Stat. R. I. cap. 60, § 22, is as follows : " Whenever any artificial watercourse has been or shall be made under, through, or by the side of any highway previously existing, the proprietors or occupants of such watercourse shall make and maintain all necessary bridges over such watercourse, and all fences which may be necessary along the side of the same."

*June* 9, 1880.  DURFEE, C. J.  We fail to discover any ground on which the plaintiff town can maintain its action, which is *assumpsit*, against the defendant corporation. The town contends that the action lies because it was the duty of the corporation to repair the bridge under the statute. Gen. Stat. R. I. cap. 60,

§ 22.   That section, § 22, provides that whenever any artificial watercourse has been or shall be made through a previously existing highway, the proprietors or occupants shall make and maintain all necessary bridges over it.   The section applies where the highway exists before the watercourse; but here no highway, in the sense of the statute, existed previously to 1873, whereas the watercourse was both made and widened before that time.   It is true, a turnpike road, which is a species of highway, had previously existed, but a turnpike road, though it is a species of highway, is not a highway within the meaning of the word as used in cap. 60, for cap. 60 relates only to such highways as the several towns of the State are bound to keep in repair, that is to say, to "highways" as the word is popularly used.   We therefore decide that the action does not lie because of any duty to repair devolving on the corporation under cap. 60, § 22.   Whether, if there were any such duty, the action would lie, we need not determine.

If the action be maintainable, it is because the turnpike corporation had a right to require the defendant corporation to keep the bridge in repair, and because the town has succeeded to the right under the special legislation in pursuance of which the turnpike road was converted into a free public highway.   But supposing the right existed in favor of the turnpike corporation, did the town succeed to it?   The legislation consisted simply of a resolution of the General Assembly appropriating one thousand dollars for the purpose of making the turnpike road a free public highway, to be paid to the turnpike corporation on certain conditions to be performed or accepted by the turnpike corporation and the several towns in which the road was located.   The turnpike corporation was required to release to the State their corporate rights and franchises under their charter and in and to their road, and to release to said towns all gravel pits and rights to get gravel which it might own or be entitled to, and the towns were required to accept the road and agree to maintain it as a free public highway.   The conditions were complied with and the money paid.   The effect was to convert the road, including the bridge as a part of it, into a free public highway, and to burden the towns with the duty of keeping it in repair.   But, except the

gravel pits and rights to get gravel above mentioned, the towns acquired no rights from the turnpike corporation. We do not see, therefore, how it can be held that the plaintiff town succeeded to the right of the turnpike corporation, if the turnpike corporation had the right, to have the defendant corporation keep the bridge in repair. The town has no claim on the defendant corporation, and therefore, having made the repair itself, it cannot maintain an action of *assumpsit* against the corporation for reimbursement. There is no privity or relation of any kind between the town and the corporation by virtue of which any promise of reimbursement can be implied.                    *Petition dismissed.*

*James C. Collins,* for plaintiff,

*James M. Ripley & George Fuller,* for defendant.